UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| JOSEPH GIGUERE,<br>on behalf of himself and all others similarly situated,<br>           Plaintiff,<br>   v.<br><br>HOMEWORKS ENERGY, INC., MARTIJN FLEUREN, individually and MAX VEGGEBERG, individually,<br>           Defendants. | Civil Action No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

**I.     PRELIMINARY STATEMENT**

1.     Employers in Massachusetts must not take deductions from their employee's wages based on customer complaints or other performance issues.  *See, Awuah v. Coverall North America, Inc.* 460 Mass. 484, 493 (2011).  Employers must also factor in "all remuneration for employment paid to, or on behalf of the employee" when calculating overtime pay.  29 U.S.C. § 207(e) ("regular hourly rate" defined).

2.     Here, Defendants took deductions from the wages of Plaintiff and other installers when the company received customer complaints, when a worker left a tool at the work site, or for other actions that the employer wished to disincentivize.  Defendants also did not include all of Plaintiff's income when calculating overtime pay.

3.     Defendants' failure to pay all wages due under the law deprived Plaintiff and other similarly situated employees the full wages they were entitled to receive by law and renders them liable for hundreds of thousands of dollars in back wages, liquidated damages and attorneys' fees.

1

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since they are so related to his FLSA claims that they form part of the same case or controversy.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to the claims in this Complaint took place in this judicial district.

## III. PARTIES

7. Plaintiff Joseph Giguere ("Plaintiff" or "Giguere") is an adult resident of West Springfield, Massachusetts. Giguere works for Defendant, HomeWorks Energy, Inc., as a Crew Lead and, previously, as a Tech I.

8. Defendant HomeWorks Energy, Inc. ("Homeworks") is a domestic for-profit corporation incorporated under the laws of the Commonwealth of Massachusetts with operations in this judicial district and throughout the Commonwealth. It is an employer as that term is defined under the Massachusetts Wage Act.

9. Defendant Martijn Fleuren ("Fleuren") is the President of HomeWorks and, accordingly, is individually liable for Plaintiffs' claims pursuant to M.G.L. c. 149 §§ 148, 150.

10. Defendant Max Veggeberg ("Veggeberg") is the Treasurer of HomeWorks and, accordingly, is individually liable for Plaintiffs' claims pursuant to M.G.L. c. 149 §§ 148, 150.

11. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

12. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00 per year.

13. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

## IV. LEGAL PRINCIPLES

### A. *Deductions from Wages*

14. The Massachusetts Wage Act requires "prompt and full payment of wages due." *Camara v. Attorney General,* 458 Mass. 756, 759 (2011).

15. The Massachusetts Wage Act mandates that "[e]very person having employees in his service shall pay weekly or bi-weekly such each employee the wages earned by him within six days of the termination of the pay period during which the wages were earned…." M.G.L. c. 149 § 148.

16. Employers may not except themselves from the requirements of § 148 by "special contract" with the employee. *Id.*

17. Employers must not take any deductions from their employees' wages unless those deductions are authorized by law. *See, Awuah v. Coverall North America, Inc.* 460 Mass. 484, 493 (2011) (holding that the Wage Act prohibits an employer from "deducting, or withholding payment of, any earned wage.")

18. Employers may not impose impermissible pay deductions even if the employee agrees to the deduction by "special contract." *Id.*

19. Employers may not deduct wages as a penalty for an employee's performance. *Awuah v. Coverall,* 460 Mass. at 493 ("[i]f an employee's work is inadequate, [the employer] is free to implement sanctions, including termination; [the employer] is not free to withhold—much less recapture—the employee's earned wages.")

20. Employers who violate the Wage Act by taking illegal deductions are liable for three times the amount of the unpaid wages, plus court costs and reasonable attorney's fees. M.G.L. c. 149 § 148.

### B. *Overtime Wages*

21. Employers subject to the FLSA must pay employees at a rate of one and one-half times the employee's "regular hourly rate" for all hours worked in excess of forty per week, unless the employer can prove that an overtime exemption applies. 29 U.S.C. § 207 *et. seq.*

22. When calculating an employee's regular hourly rate, an employer must factor in "all remuneration for employment paid to, or on behalf of the employee." 29 U.S.C. § 207(e) ("regular hourly rate" defined).

23. An employer's failure to include "incentive payments" (payments in excess of the employee's hourly rate in reward for good performance) as part of the employee's "regular hourly rate" violates the FLSA.

### C. *Individual liability of Defendant Fleuren and Defendant Veggeberg*

24. The Massachusetts Wage Act states that "[t]he president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section." M.G.L. c. 149 §§ 148, 150.

25. Defendant Fleuren, is the President of HomeWorks and Defendant Veggeberg is the Treasurer of HomeWorks. Accordingly, both parties are individually liable under the Massachusetts Wage Act.

26. Corporate officers and directors are individually liable under the FLSA when they: (1) have the power to hire and fire employees; (2) supervise and control employee work schedules and conditions of employment; (3) determine the rate and method of

compensation; and/or (4) maintain office records.  Defendant Fleuren's and Defendant Veggeberg's exercise of that authority was the direct cause of failure to pay wages as set forth below.  Accordingly, Defendant Fleuren and Defendant Veggeberg are employers of Plaintiff and all other similarly situated individuals as that term is defined in the FLSA.

    **D.**    ***Violations of the FLSA constitute a violation of Massachusetts Wage Act***

27.    The Defendants' failure to pay all overtime wages owed pursuant to the FLSA also constitutes a failure to pay timely wages pursuant to the Massachusetts Wage Act. *See Lambirth v. Advanced Auto, Inc.,* 140 F. Supp. 3d 108 (D. Mass. 2015) (holding that an employee could pursue claim for treble damages under Massachusetts Wage Act for unpaid overtime wages due under federal law, where employee established his right to overtime wages owed under the Fair Labor Standards Act.

**V.**    **STATEMENT OF FACTS**

28.    Defendant, HomeWorks, is in the business of providing home energy assessments and installation services to customers throughout Massachusetts and New York.

29.    HomeWorks employs a compensation plan for Crew Leads and Technicians in which employees receive "incentive" payments to encourage productivity and "disincentive" deductions to punish employees for undesired events.

30.    HomeWorks takes disincentive deductions from employees when HomeWorks receives a customer complaint, when a worker leaves a tool at the worksite, or for other performance issues that the employer wishes to disincentivize.

31.    HomeWorks calculates overtime without factoring in "incentive payments" into the hourly overtime rate.  This failure to include incentive payments in the calculation of an employee's regular hourly rate results in HomeWorks retaining wages that should be paid to its workers.

32. Giguere is employed by HomeWorks as a Crew Lead performing insulation installations.

33. Giguere has worked for HomeWorks as a Crew Lead since on or about February 13, 2020.

34. From on or about November 18, 2019, until his promotion to Crew Lead, Giguere worked as a Tech I performing insulation installations.

35. As Crew Lead, Giguere is assigned to work approximately 45 to 55 hours per week.

36. Giguere is compensated by HomeWorks on an hourly basis and presently earns $20.00 per hour for his work.

37. Pursuant to its compensation plan, HomeWorks regularly adjusts the wages of Giguere and other Crew Leads, Tech II's and Tech I's based on so-called "incentives" and "disincentives"

38. Under this plan, Giguere and other Crew Leads receive wages in the amount of *the greater of* their hourly wages *or* 10.2% of the revenues created by installations completed during the pay period.

39. For example, for the week of September 28, 2020, Giguere worked 51.81 hours as a Crew Lead at an hourly rate of $20.00, for a total of $1,154.30. Because Giguere's "incentive" of $1,323.52 based on his revenues from installations exceeded his regular hourly wages, he received his incentive pay less the aforementioned improper deduction.

40. Because Giguere's "incentive" payment typically exceeded his hourly wages, Giguere's compensation was predominantly based on his "incentive" rather than his regular hourly wages.

41. HomeWorks' compensation plan did not pay overtime on the incentive payments of Giguere or any other Crew Lead, Tech II, or Tech I based on hours worked in excess of forty per week.

42. HomeWorks' compensation plan for Tech II's provided for payment of the greater of the Tech II's hourly wages or 7.4% of revenues created by installations completed during the pay period. Tech I's received the greater of their hourly wages, or 5.2% of revenues created by installations.

43. HomeWorks' compensation plan for Tech I's, Tech II's and Crew Leads did not pay overtime on incentive payments based on hours worked in excess of forty per week.

44. HomeWorks' failure to pay overtime on incentive payments to Giguere and similarly situated Crew Leads, Tech II's, and Tech I's for hours worked in excess of forty per week violates the FLSA, which requires that employers factor in such payments in calculating an employee's "regular hourly rate." 29 U.S.C. 207(e) ("regular hourly rate" defined).

45. HomeWorks' compensation plan for Crew Leads, Tech II"s and Tech I's provides for "disincentive" deductions from wages for employees accused of actions that HomeWorks seeks to disincentivize.

46. For example, HomeWorks reduced Giguere's wages by $150.00 for the week of September 28, 2020, by $150.00 for the week of October 2, 2020, by $150.00 for the week of 10/26/20, and by $150.00 for the week of November 9, 2020. HomeWorks took these deductions on the basis of an alleged customer complaints or performance issues that were never fully explained to him.

47. Upon information and belief, all Crew Leads, Tech II's and Tech I's receive disincentive deductions for customer complaints, for leaving a tool at a job site, or for other actions that HomeWorks unilaterally deems deserving of a disincentive deduction.

48. HomeWorks' imposition of disincentive deductions on Giguere and other similarly situated Crew Leads, Tech II's and Tech I's violates the Massachusetts Wage Act in that the disincentive deductions constitute an impermissible wage deduction. *See, Camara v. Attorney General,* 458 Mass. 756 (2011); 454 C.M.R. § 27.05.

49. HomeWorks' conduct as described above constitutes a willful violation of the FLSA in that it knew that it was required to pay Plaintiff and the class overtime calculated as described above and that it was not entitled to make the deductions it did but nonetheless improperly paid Plaintiff and the class in violation of those laws.

50. On January 12, 2021, Giguere, received authorization from the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue civil claims against Defendants for wage violations on his own behalf and "on behalf of other similarly situated employees." (Authorization Letter attached hereto as Exhibit "A").

**VI.   COLLECTIVE AND CLASS ACTION ALLEGATIONS**

    **A.   *The FLSA Class***

51. Plaintiff brings this action on behalf of himself and other similarly situated Crew Leads, Tech II's or Tech I's, present or former, who were and/or are denied overtime wages due to Defendants' failure to include their incentive pay in the calculation of their regular rate as described above.

52. In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

53. The FLSA class is defined as follows:

> All current and former Crew Leads, Tech II's and Tech I's who were employed by HomeWorks in Massachusetts from three years prior to the date of the filing of this complaint through the date of final judgment in this matter.

54. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

55. Plaintiff sues on behalf of himself and those members of the FLSA class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representation action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that the Plaintiff and the members of the putative class, are similarly situated.

    **B.**    ***The Massachusetts Rule 23 Class***

56. Plaintiff seeks to represent a class of plaintiffs defined as Crew Leads, Tech II's and Tech I's currently or formerly employed by Defendants in Massachusetts at any of its Massachusetts locations, during the period beginning three years prior to the date of commencement of this action through and including the date of judgment in this action.

57. Plaintiffs bring this action under Rule 23 of the Massachusetts Rules of Civil Procedure, for themselves and on behalf of the above defined class and pursuant to Mass. R. Civ. P. 23 for Defendants' failure to calculate overtime pay properly and for illegal deductions from the pay of the class.

58. The Rule 23 class is defined as follows:

> All current and former Crew Leads, Tech II's and Tech I's who were employed by HomeWorks in Massachusetts from three years prior to the date of the filing of this complaint through the date of final judgment in this matter.

59. Class certification for these claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

60. The class is so numerous that joinder of all members is impracticable. Upon information and belief, there are hundreds of Crew Leads, Tech II's and/or Tech I's employed by HomeWorks in Massachusetts.

61. There are questions of law and fact common to the class. All class members were, or continue to be, employees of HomeWorks who were subject to unlawful deductions from wages in violation of Massachusetts law and who were denied timely payment of all wages owed. Common questions of law include: (1) whether the "disincentive" payments constitute an unlawful deduction from wages; and (2) whether HomeWorks' calculation of employees' "regular hourly rates" resulted in the failure to pay timely wages as required by M.G.L. c. 149 § 148.

62. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of HomeWorks. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiff and to the class.

63. The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and they have hired counsel skilled in the prosecution of class actions.

64. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact is whether members of the Class were denied timely payment of overtime wages and/or were subject to unlawful wage deductions pursuant to Defendant's "incentive" and "disincentive" policies.

65. This proposed class action under Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

**VII.     CAUSES OF ACTION**

**COUNT I:  COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS**
**(vs. Defendant HomeWorks)**

66. HomeWorks' failure to factor in Plaintiff's "incentive payments" in calculating his "regular hourly rate" resulted in non-payment of overtime wages owed.

67. Based on the foregoing, HomeWorks' conduct in this regard was a willful violation of the FLSA, in that HomeWorks knew or should have known that such payments should have been factored into the calculation of an employee's "regular hourly rate."

68. Accordingly, Plaintiff, and all other members of the FLSA class are entitled to compensation for all the overtime wages owed, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. § 216(b).

**COUNT II:  COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS**
**(vs. Defendant Fleuren)**

69. Fleuren's failure to factor in Plaintiff's "incentive payments" in calculating his "regular hourly rate" resulted in non-payment of overtime wages owed.

70. Based on the foregoing, Fleuren's conduct in this regard was a willful violation of the FLSA, in that Fleuren knew or should have known that such payments should have been factored into the calculation of an employee's "regular hourly rate."

71. Accordingly, Plaintiff, and all other members of the FLSA class are entitled to compensation for all the overtime wages owed, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. § 216(b).

**COUNT III: COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS**
**(vs. Defendant Veggeberg)**

72. Veggeberg's failure to factor in Plaintiff's "incentive payments" in calculating his "regular hourly rate" resulted in non-payment of overtime wages owed.

73. Based on the foregoing, Veggeberg's conduct in this regard was a willful violation of the FLSA, in that Veggeberg knew or should have known that such payments should have been factored into the calculation of an employee's "regular hourly rate."

74. Accordingly, Plaintiff, and all other members of the FLSA class are entitled to compensation for all the overtime wages owed, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. § 216(b).

**COUNT IV: CLASS ACTION CLAIM FOR UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150**
**(vs. Defendant HomeWorks)**

75. Based upon the foregoing, HomeWorks violated the Massachusetts Wage Act by taking deductions against the wages of the employees pursuant to HomeWorks' "disincentive" policy.

76. Accordingly, Plaintiff, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

**COUNT V: CLASS ACTION CLAIM FOR UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150**
**(vs. Defendant Fleuren)**

77. Based upon the foregoing, Fleuren violated the Massachusetts Wage Act by taking deductions against the wages of the employees pursuant to HomeWorks' "disincentive" policy.

78. Accordingly, Plaintiff, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

### COUNT VI:  CLASS ACTION CLAIM FOR UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150
### (vs. Defendant Veggeberg)

79. Based upon the foregoing, Veggeberg violated the Massachusetts Wage Act by taking deductions against the wages of the employees pursuant to HomeWorks' "disincentive" policy.

80. Accordingly, Plaintiff, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

### COUNT VII:  CLASS ACTION CLAIM FOR FAILURE TO PAY TIMELY OVERTIME WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150
### (vs. Defendant HomeWorks)

81. Based upon the foregoing, HomeWorks violated the Massachusetts Wage Act by failing to make timely payment for all overtime wages owed pursuant to the FLSA.  *See Lambirth v. Advanced Auto, Inc.,* 140 F.Supp.3d (D.Mass. 2015) (holding that a Plaintiff make seek remedies under the Massachusetts Wage Act for an employer's failure to timely pay overtime wages as required by the FLSA).

82. Accordingly, Plaintiff, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

### COUNT VIII:  CLASS ACTION CLAIM FOR FAILURE TO PAY TIMELY OVERTIME WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150
### (vs. Defendant Fleuren)

83. Based upon the foregoing, Fleuren violated the Massachusetts Wage Act by failing to make timely payment for all overtime wages owed pursuant to the FLSA.  *See*

*Lambirth v. Advanced Auto, Inc.,* 140 F.Supp.3d (D.Mass. 2015) (holding that a Plaintiff make seek remedies under the Massachusetts Wage Act for an employer's failure to timely pay overtime wages as required by the FLSA);

84. Accordingly, Plaintiff, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

### COUNT IX:  CLASS ACTION CLAIM FOR FAILURE TO PAY TIMELY OVERTIME WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150
### (vs. Defendant Veggeberg)

85. Based upon the foregoing, Veggeberg violated the Massachusetts Wage Act by failing to make timely payment for all overtime wages owed pursuant to the FLSA.  *See Lambirth v. Advanced Auto, Inc.,* 140 F.Supp.3d (D.Mass. 2015) (holding that a Plaintiff make seek remedies under the Massachusetts Wage Act for an employer's failure to timely pay overtime wages as required by the FLSA).

86. Accordingly, Plaintiff, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated persons:

1. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employed by Defendants as Crew Leads, Tech II's and Tech I's in Massachusetts.  Such notice shall inform them that

this civil action has been filed, the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of members of the Massachusetts class and the appointment of Plaintiff and his counsel to represent the class;

3. Unpaid overtime wages under the FLSA;

4. Unpaid wages and restitution for unlawful deductions under the M.G.L. c. 149 §§ 148, 150;

5. Liquidated damages under the FLSA;

6. Treble damages under M.G.L. c. 149 § 150;

7. Payment of an incentive award for the named Plaintiff;

8. Pre-Judgment and Post-Judgment interest, as provided by law;

9. Attorneys' fees and costs of suit under the FLSA and M.G.L. c. 149 §§ 148, 150, including expert fees; and

10. Such other and further relief as the Court deems just and equitable.

## IX. JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Dated: February 5, 2021

The Plaintiff,
JOSEPH GIGUERE,
individually and on behalf of all other similarly situated, individual,
By his Attorney,

　　　/s/ Raymond Dinsmore
Raymond Dinsmore, Esq. (BBO # 667340)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA  01144
Tel: 413-785-1400; Fax: 860-218-9555
e-Mail:  rdinsmore@hayberlawfirm.com

## CONSENT TO BECOME PARTY PLAINTIFF
Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

    I hereby consent to be a party plaintiff seeking unpaid wages and liquidated damages ("damages") against HOMEWORKS ENERGY, INC., MARTIJN FLEUREN, individually and MAX VEGGEBERG, individually ("Defendants"), and all entities and/or individuals that may be jointly liable with Defendants for my claimed damages. By joining this lawsuit, I designate the Named Plaintiffs and their attorneys (and other persons those individuals designate as necessary) as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. I further acknowledge that this consent is intended to be filed to recover my damages against Defendants, and all other individuals and/or entities who are or may be jointly liable along with Defendants, whether in the above-captioned action or in any subsequent action that may be filed on my behalf for such recovery, and this consent may be used in this case or in any subsequent case as necessary. For purposes of pursuing my damages claims against Defendants, I choose to be represented by the law firm of Hayber, McKenna & Dinsmore, LLC and other attorneys with whom they may associate.

    By opting in to this suit, I consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c).

Date: 2/4/2021      Signature: _(DocuSigned by: 9713905575A0445...)_

Printed Name: Joseph Giguere